Steven J. Corr (CA Bar No. 216243)
SJCorr@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: 1.213.489.3939
Facsimile: 1.213.243.2539

David M. Maiorana
(*Pro Hac Vice* to be submitted)
DMaiorana@JonesDay.com
Kenneth S. Luchesi
(*Pro Hac Vice* to be submitted)
KLuchesi@JonesDay.com
JONES DAY
North Point, 901 Lakeside Ave.
Cleveland, Ohio 44114
Telephone: 1.216.586.3939
Facsimile: 1.216.579.0212

Attorneys for Defendants
THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING COMPANY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CAO GROUP, INC.,

Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING LLC,

Defendants.

Case No. 5:22-cv-00142-JWH-PVC

**DEFENDANTS THE PROCTER & GAMBLE COMPANY AND THE PROCTER & GAMBLE DISTRIBUTING LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES**

**DEMAND FOR JURY TRIAL**

Defendants The Procter & Gamble Company and The Procter & Gamble Distributing LLC (collectively, "P&G") hereby answer the Complaint in this action filed by CAO Group, Inc. ("CAO" or "Plaintiff"). Except as specifically admitted herein, P&G denies all allegations and averments of the Complaint and otherwise responds as follows:

## "PARTIES"

1. P&G is without sufficient information to admit or deny the allegations in paragraph 1 and, on that basis, denies them.

2. In answering paragraph 2, P&G admits that The Procter & Gamble Company ("P&G Co.") is incorporated in Ohio and has its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45201. P&G denies the remaining allegations in paragraph 2.

3. P&G admits the allegations in Paragraph 3.

## "JURISDICTION AND VENUE"

4. In answering paragraph 4, P&G admits that the claims alleged in the Complaint purport to arise under the patent laws of the United States, Title 35 of the United States Code, but denies that any such claims have been properly alleged or are meritorious. P&G also admits that this Court has subject matter jurisdiction over the claims alleged in the Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), if such claims were properly alleged.

5. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in paragraph 5.

6. P&G denies the allegations in paragraph 6 of the Complaint.

7. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in paragraph 7.

8. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in paragraph 8.

9. In answering paragraph 9, P&G admits that venue is proper in this District. P&G denies the remaining allegations in paragraph 9.

10. In answering paragraph 10, P&G admits that it has a place of business at 16110 Cosmos Street in Moreno Valley, California. The remainder of Paragraph 10 does not include any specific allegations and thus no response is required, but to the extent a response is required, P&G denies the remaining allegations in paragraph 10.

11. P&G admits the allegations in Paragraph 11 of the Complaint.

12. P&G admits that the image reproduced in paragraph 12 appears on the website whose URL is provided in paragraph 12.

13. In answering paragraph 13, P&G admits that its West Coast Mixing Center distributes products throughout California. P&G denies the remaining allegations in paragraph 13, including that it sells infringing products.

14. P&G admits the allegations in paragraph 14 of the Complaint.

15. In answering paragraph 15, P&G admits that it owns and operates the crest.com domain. P&G denies the remaining allegations in paragraph 15, including that it sells infringing products.

16. P&G admits the allegations in paragraph 16 of the Complaint.

17. P&G denies the allegations in paragraph 17 of the Complaint.

18. P&G admits the allegations in paragraph 18 of the Complaint.

19. P&G denies the allegations in paragraph 19 of the Complaint.

20. In answering paragraph 20, P&G admits that it requires certain dental offices to sign an agreement prohibiting the resale of Professional Crest Whitestrips to persons other than patients under their care. P&G denies the remaining

allegations in paragraph 20 of the Complaint.

21. In answering paragraph 21, P&G admits that it has a place of business at 24015 Iris Ave., Moreno Valley, CA. The remainder of Paragraph 21 does not include any specific allegations and thus no response is required, but to the extent a response is required, P&G denies the remaining allegations in paragraph 21.

22. P&G denies the allegations in paragraph 22 of the Complaint.

23. P&G denies the allegations in paragraph 23 of the Complaint.

## **"FACTUAL BACKGROUND"**

24. P&G is without sufficient information to admit or deny the allegations in paragraph 24 and, on that basis, denies them.

25. P&G is without sufficient information to admit or deny the allegations in paragraph 25 and, on that basis, denies them.

26. P&G is without sufficient information to admit or deny the allegations in paragraph 26 and, on that basis, denies them.

27. P&G is without sufficient information to admit or deny the allegations in paragraph 27 and, on that basis, denies them.

28. P&G is without sufficient information to admit or deny the allegations in paragraph 28 and, on that basis, denies them.

29. P&G is without sufficient information to admit or deny the allegations in paragraph 29 and, on that basis, denies them.

30. In answering paragraph 30, P&G admits that the URL leads to a website that contains the quoted language. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 30 and, on that basis, denies them.

31. P&G is without sufficient information to admit or deny the allegations in paragraph 31 and, on that basis, denies them.

32. P&G is without sufficient information to admit or deny the allegations

in paragraph 32 and, on that basis, denies them.

33. P&G is without sufficient information to admit or deny the allegations in paragraph 33 and, on that basis, denies them.

**"ASSERTED U.S. PATENT NO. 10,603,259"**

34. In answering paragraph 34, P&G admits that Plaintiff is listed as the assignee on the face of the '259 Patent and that a copy of the '259 Patent is attached as Exhibit C to the Complaint. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 34 and, on that basis, denies them.

35. In answering paragraph 35, P&G admits that the '259 Patent is entitled "Peroxide Gel Compositions" and that it issued on March 31, 2020 from U.S. Patent Application No. 15/488,293, filed April 14, 2017. P&G further admits that the '259 Patent is a continuation-in-part of an application filed on February 8, 2006. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 35 and, on that basis, denies them.

36. P&G admits that Steven D. Jensen is listed as an inventor of the '259 Patent. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 36 and, on that basis, denies them.

37. In answering paragraph 37, P&G admits that the Abstract of the '259 Patent states "A dental bleaching device may include a flexible backing material, and a dental composition in contact with the flexible backing material," but P&G otherwise makes no admissions regarding the scope of the '259 Patent.

38. In answering paragraph 38, P&G admits that the '259 Patent generally discusses purported prior art compositions. P&G otherwise makes no admissions regarding the scope of the '259 Patent.

39. In answering paragraph 39, P&G admits that the '259 Patent generally discusses purported prior art compositions. P&G otherwise makes no admissions regarding the scope of the '259 Patent.

40. P&G makes no admissions regarding the scope of the ’259 Patent.

41. In answering paragraph 41, P&G admits that the quoted language appears in the ’259 Patent. P&G otherwise makes no admissions regarding the scope of the ’259 Patent.

42. In answering paragraph 42, P&G admits that the quoted language appears in the ’259 Patent. P&G otherwise makes no admissions regarding the scope of the ’259 Patent.

43. In answering paragraph 43, P&G admits that the quoted Claim 1 language appears in the ’259 Patent. P&G otherwise makes no admissions regarding the scope or alleged “inventive subject matter” of the ’259 Patent.

44. P&G is without sufficient information to admit or deny the allegations in paragraph 44 and, on that basis, denies them.

45. P&G is without sufficient information to admit or deny the allegations in paragraph 45 and, on that basis, denies them.

46. P&G is without sufficient information to admit or deny the allegations in paragraph 46 and, on that basis, denies them.

47. P&G is without sufficient information to admit or deny the allegations in paragraph 47 and, on that basis, denies them.

48. P&G is without sufficient information to admit or deny the allegations in paragraph 48 and, on that basis, denies them.

## “ASSERTED U.S. PATENT NO. 10,646,419”

49. In answering paragraph 49, P&G admits that Plaintiff is listed as the assignee on the face of the ’419 Patent and that a copy of the ’419 Patent is attached as Exhibit D to the Complaint. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 34 and, on that basis, denies them.

50. In answering paragraph 50, P&G admits that the ’419 Patent is entitled “Peroxide Gel Compositions” and that it issued on May 12, 2020 from U.S. Patent

Application No. 15/627,906, filed June 20, 2017. P&G further admits that the ’419 Patent is a continuation-in-part of an application filed on February 8, 2006. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 35 and, on that basis, denies them.

51. In answering paragraph 51, P&G admits that Steven D. Jensen is listed as an inventor of the ’419 Patent. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 51 and, on that basis, denies them.

52. In answering paragraph 52, P&G admits that Patent Application No. 14/710,416 is listed as a parent application to both the ’419 and ’259 Patents. P&G lacks sufficient information to admit or deny the remaining allegations in paragraph 52 and, on that basis, denies them.

53. In answering paragraph 53, P&G admits that the quoted language appears in the ’419 Patent. P&G otherwise makes no admissions regarding the scope of the 419 Patent.

54. P&G is without sufficient information to admit or deny the allegations in paragraph 54 and, on that basis, denies them.

55. P&G is without sufficient information to admit or deny the allegations in paragraph 55 and, on that basis, denies them.

56. P&G is without sufficient information to admit or deny the allegations in paragraph 56 and, on that basis, denies them.

57. P&G is without sufficient information to admit or deny the allegations in paragraph 57 and, on that basis, denies them.

58. P&G is without sufficient information to admit or deny the allegations in paragraph 58 and, on that basis, denies them.

**“P&G’S KNOWLEDGE OF THE CAO GROUP AND ASSERTED PATENTS”**

59. P&G denies the allegations in paragraph 59 of the Complaint.

60. P&G admits the allegations in paragraph 60 of the Complaint.

61. P&G denies the allegations in paragraph 61 of the Complaint.

62. In answering paragraph 62, P&G admits that representatives of P&G and Plaintiff held discussions in the timeframe specified in paragraph 62. P&G otherwise makes no admissions whether any technology discussed fell within the scope of Plaintiff's Asserted Patents.

63. P&G admits the allegations in paragraph 63 of the Complaint.

64. P&G admits the allegations in paragraph 64 of the Complaint.

65. In answering paragraph 65, P&G admits that a list of Plaintiff's purported intellectual property, including U.S. Patent Application 14/710,416, was sent to P&G. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 65 and, on that basis, denies them.

66. P&G admits the allegations in Paragraph 66 of the Complaint.

67. P&G admits the allegations in Paragraph 67 of the Complaint.

68. In answering paragraph 68, P&G admits that a conference call was held on June 28, 2017 between the attendees listed in paragraph 68. P&G otherwise makes no admissions regarding the scope of the intellectual property and what it "covers."

69. P&G admits that the quoted language appears on Mr. Sagel's LinkedIn page.

70. P&G admits the allegations in paragraph 70 of the Complaint.

71. P&G admits the allegations in paragraph 71 of the Complaint.

72. In answering paragraph 72, P&G admits that Dr. Cao sent Paul Sagel an email on the stated date, and that the email includes the quoted language. P&G otherwise makes no admissions regarding CAO's patents, including whether any alleged "gelatinous formulation" was "new."

73. P&G admits the allegations in paragraph 73 of the Complaint.

74. In answering paragraph 74, P&G admits that a conference call was held on the date alleged. P&G makes no admissions regarding the scope of the purported intellectual property discussed.

75. In answering paragraph 75, P&G admits that a meeting was held on the date alleged. P&G makes no admissions regarding the scope of any purported intellectual property.

76. P&G admits the allegations in paragraph 76 of the Complaint.

77. P&G admits the allegations in paragraph 77 of the Complaint.

78. P&G admits the allegations in paragraph 78 of the Complaint.

79. P&G admits the allegations in paragraph 79 of the Complaint.

80. P&G admits the allegations in paragraph 80 of the Complaint.

**"OVERVIEW OF P&G'S INFRINGING PRODUCTS"**

81. In answering paragraph 81, P&G admits that its sells or offers for sale the products listed in paragraph 81. P&G denies that these products infringe any valid and enforceable claim of the '259 or '419 Patents.

82. P&G admits the allegations in paragraph 82 of the Complaint.

83. P&G admits that the quoted language appears at the URL provided in paragraph 83.

84. P&G is without sufficient knowledge to admit or deny the allegations in paragraph 84 of the Complaint and, on that basis, denies them.

85. In answering paragraph 85, P&G admits that its sells or offers for sale the products listed in paragraph 85. P&G denies that these products infringe any valid and enforceable claim of the '259 or '419 Patents.

86. In answering paragraph 86, P&G admits that its sells or offers for sale the products listed in paragraph 86. P&G denies that these products infringe any valid and enforceable claim of the '259 or '419 Patents.

87. In answering paragraph 87, P&G admits that its sells or offers for sale

the products listed in paragraph 87. P&G denies that these products infringe any valid and enforceable claim of the ’259 or ’419 Patents.

88. P&G denies the allegations in paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint is vague and non-specific, purporting to identify sales that occurred over “at least the last several years.” P&G is therefore unable to admit or deny the allegations in paragraph 89 of the Complaint and, on that basis, denies them.

## ANSWER TO COUNT I

90. P&G incorporates by reference its responses to paragraphs 1-89 of the Complaint.

91. P&G denies the allegations in paragraph 91 of the Complaint.

92. P&G denies the allegations in paragraph 92 of the Complaint.

93. P&G denies the allegations in paragraph 93 of the Complaint.

94. P&G denies the allegations in paragraph 94 of the Complaint.

95. P&G denies the allegations in paragraph 95 of the Complaint.

96. P&G denies the allegations in paragraph 96 of the Complaint.

97. P&G denies the allegations in paragraph 97 of the Complaint.

98. P&G denies the allegations in paragraph 98 of the Complaint.

99. P&G denies the allegations in paragraph 99 of the Complaint.

100. P&G denies the allegations in paragraph 100 of the Complaint.

101. P&G denies the allegations in paragraph 101 of the Complaint.

102. P&G denies the allegations in paragraph 102 of the Complaint.

103. P&G denies the allegations in paragraph 103 of the Complaint.

## ANSWER TO COUNT II

104. P&G incorporates by reference its responses to paragraphs 1-103 of the Complaint.

105. P&G denies the allegations in paragraph 105 of the Complaint.

106. P&G denies the allegations in paragraph 106 of the Complaint.

107. P&G denies the allegations in paragraph 107 of the Complaint.

108. P&G denies the allegations in paragraph 108 of the Complaint.

109. P&G denies the allegations in paragraph 109 of the Complaint.

110. P&G denies the allegations in paragraph 110 of the Complaint.

111. P&G denies the allegations in paragraph 111 of the Complaint.

112. P&G denies the allegations in paragraph 112 of the Complaint.

113. P&G denies the allegations in paragraph 113 of the Complaint.

114. P&G denies the allegations in paragraph 114 of the Complaint.

115. P&G denies the allegations in paragraph 115 of the Complaint.

116. P&G denies the allegations in paragraph 116 of the Complaint.

117. P&G denies the allegations in paragraph 117 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The prayer for relief does not require a response. To the extent a response is required, P&G denies that Plaintiff is entitled to any relief whatsoever. Further, P&G denies each and every material allegation in the Complaint not heretofore controverted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above, and without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff, P&G asserts the following affirmative defenses to Plaintiff's claims:

## FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

P&G does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

P&G is not inducing and has not induced infringement under 35 U.S.C. § 271(b) of any properly-construed, valid, and enforceable claim of the Asserted Patents at least because the Accused Products do not directly infringe the Asserted Patents and because P&G does not possess the specific intent to encourage infringement of the Asserted Patents.

**SECOND AFFIRMATIVE DEFENSE**

(Invalidity)

One or more claims of the Asserted Patents is invalid for failing to comply with the conditions of patentability set forth in Title 35, United States Code § 101 et. seq., including, without limitation, §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

(Prosecution History Estoppel and Disclaimer)

By reason of the prosecution history before the USPTO leading to, concurrently with, and following the issuance of the Asserted Patents, and by reason of statements and admissions made by or on behalf of the applicants, and because of the language in the specification or limitations in the claims of the Asserted Patents, Plaintiff is estopped from claiming infringement by P&G of one or more of the claims of the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief at least because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

(Notice)

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents have failed to comply with the marking requirements of 35

U.S.C. § 287(a) or give notice to P&G, Plaintiff cannot recover any damages for P&G's alleged infringement prior to the date this suit was filed.

**SIXTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

Plaintiff is barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, unclean hands, patent misuse, and/or estoppel, from asserting that any claim of the Asserted Patents is infringed by P&G.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by 35 U.S.C. § 286.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff has failed to take reasonable action to mitigate the loss, injury, or damages allegedly suffered, if any, and any recovery must be barred or diminished by reason thereof.

**NINTH AFFIRMATIVE DEFENSE**

(Non-Exceptional Case)

Plaintiff has not alleged any basis for, and cannot prove that, this is an exceptional case that would justify an award of attorneys' fees against P&G pursuant to 35 U.S.C. § 285.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Willfulness or Increased Damages)

P&G has not willfully infringed the Asserted Patents, and Plaintiff cannot recover increased damages pursuant to 35 U.S.C. § 284.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

**RESERVATION OF DEFENSES**

P&G reserves its right to rely on any additional affirmative defenses as may become available or apparent during discovery, and thus reserves its right to amend the Answer to assert such additional defenses, or otherwise to rely on additional or other defenses during this case or at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, P&G respectfully requests that this Court enter an order:

1. That P&G does not infringe, and has not infringed, directly or indirectly, any claim of the '259 Patent, either literally or under the doctrine of equivalents;

2. That P&G does not infringe, and has not infringed, directly or indirectly, any claim of the '419 Patent, either literally or under the doctrine of equivalents;

3. That the claims of the '259 Patent are invalid;

4. That the claims of the '419 Patent are invalid;

5. That CAO's Complaint is dismissed with prejudice, with CAO taking nothing by its Complaint;

6. That CAO is not entitled to any relief with respect to its allegations against P&G;

7. That the Court find this case exceptional under 35 U.S.C. § 285 and award P&G its reasonable attorneys' fees and costs of suit; and

8. That the court award P&G such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

P&G hereby demands a trial by jury for all claims and issues so triable.

Dated: April 19, 2022

JONES DAY

By: */s/ Steven J. Corr*
Steven J. Corr

Attorney for Defendants
THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING LLC