1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| CAO GROUP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING LLC,<br><br>    Defendant. | Case No.: 5:22-cv-00142-JWH-PVC<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties also acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   GOOD CAUSE STATEMENT

This action is likely to involve proprietary chemical formulas, trade secrets, customer and pricing lists, sales information, customer surveys, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information would cause competitive harm to the parties. For example, the parties believe that

1

competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, vendor lists, costs or profit structure, sales information, product lines, business and marketing strategy or information about operations. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    **DEFINITIONS**

3.1    Action: *CAO Group, Inc. v. The Procter & Gamble Company et al.*, Case No. 5:22-cv-00142-JWH-PVC.

3.2    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

3.3    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

3.5     <u>Counsel:</u> Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6     <u>Designating Party:</u> A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7     <u>Disclosure or Discovery Material:</u> All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8     <u>Expert:</u> A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this action.

3.9     <u>In-House Counsel:</u>  Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    <u>Non-Party:</u> Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11    <u>Outside Counsel of Record:</u> Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party, and includes support staff.

3.12    <u>Party:</u> Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3

3.13   <u>Producing Party:</u> A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14   <u>Professional Vendors:</u> Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15   <u>Protected Material:</u> Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16   <u>Receiving Party:</u> A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.   <u>DURATION</u>**

Once a case proceeds to trial, absent a contrary order by the trial judge, Protected Material that was used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

For Protected Material not used at trial, after final disposition of this litigation, subject to Section 14 below, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIALS**

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations of large swaths of documents are prohibited. Designations that are shown to be clearly unjustified and not inadvertent, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 6.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of a document that contains protected material.

b.    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or, by notice given before the inspection, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must within 7 calendar days (a) determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and (b) produce the specified documents with the appropriate legend ("CONFIDENTIAL" or

6

1    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") affixed to

2    each document that contains Protected Material.

3            c.      For testimony given in depositions, that the Designating Party

4    identify the Disclosure or Discovery Material on the record before the close

5    of the deposition all protected testimony or within 7 calendar days thereafter.

6            d.      For information produced in some form other than a document

7    and for any other tangible items, that the Producing Party affix in a

8    prominent place on the exterior of the container or containers in which the

9    information or item is stored the "CONFIDENTIAL" legend or "HIGHLY

10   CONFIDENTIAL" legend.  If only a portion or portions of the information

11   warrants protection, the Producing Party, to the extent practicable, shall

12   identify the protected portion(s) and specify the level of protection being

13   asserted.

14           6.3     Inadvertent Failures to Designate. If timely corrected, an

15   inadvertent failure to designate qualified information or items does not,

16   standing alone, waive the Designating Party's right to secure protection

17   under this Stipulated Protective Order for such material. Upon timely

18   correction of a designation, the Receiving Party must make reasonable efforts

19   to assure that the material is treated in accordance with the provisions of this

20   Stipulated Protective Order.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21           7.1     Timing of Challenges. Any Party or Non-Party may challenge a

22   designation of confidentiality at any time. A Party does not waive its right to

23   challenge a confidentiality designation by electing not to mount a challenge

24   promptly after the original designation is disclosed.

25           7.2     Meet and Confer. The Challenging Party shall initiate the

26   dispute resolution process under Local Rule 37.1 et seq.

27

28

7

PROTECTIVE ORDER

7.3   <u>Judicial Intervention.</u> Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1   <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

8

PROTECTIVE ORDER

b.      one designated In-House Counsel or other party representative of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c.      Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A hereto) and employees and staff of said Experts to whom it is reasonably necessary to disclose the information for this litigation;

d.      the Court and its personnel;

e.      court reporters and their staff;

f.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound";

g.      during their depositions, any witness employed by the Designating Party, or designated by the Designating Party under Fed. R. Civ. P. 30(b)(6);

h.      the author or recipient of a document containing the information or a custodian or other person who otherwise previously had access to the information.

i.      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

9

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      one designated In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c.      Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" and employees and staff of said Experts to whom it is reasonably necessary to disclose the information for this litigation;

d.      the Court and its personnel;

e.      court reporters and their staff;

f.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

PROTECTIVE ORDER

g.      during their depositions, any witness employed by the Designating Party, or designated by the Designating Party under Fed. R. Civ. P. 30(b)(6);

h.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Any and all persons, including outside trial counsel for the parties to this litigation, given access to information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the information contained therein, or any summaries, copies, abstract, or other documents derived in whole or in part from the material so designated, shall not participate in the patent prosecution of any patent application relating to the subject matter of this litigation during this litigation and for at least one year after the completion of this litigation (including all appeals).  For purposes of this paragraph, "patent prosecution" includes, but is not limited to, drafting responses to office actions or other papers issued by the United States Patent and Trademark Office ("USPTO") and/or any foreign patent office.  This paragraph shall not prohibit the merely administrative aspect of being a manager or supervisor of other attorneys who are engaged in patent prosecution.  Notwithstanding anything to the contrary in this paragraph, if an *inter partes* review or other administrative review at the USPTO is instituted regarding any of the patents-in-suit, such persons may participate in the review proceedings, despite the fact that they have received HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material.

11

PROTECTIVE ORDER

**9.   PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS AND DESIGNATED IN-HOUSE COUNSEL.**

a.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) or a designated In-House Counsel or party representative any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request via e-mail to the Designating Party's Outside Counsel of Record.  In the case of an Expert, the written request must: (1) set forth the full name of the Expert and the city and state of his or her primary residence, (2) attach a copy of the Expert's current resume or curriculum vitae, (3) identify, for the past 5 years, any employment or consulting engagements with competitors in the relevant technology, and (4) identify (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. In the case of a designated In-House Counsel or party representative, the written request shall include: (1) the full name of the designated In-House Counsel and the city and state of his or her primary residence, (2) identify their title or position at the Receiving Party, and (3) provide a brief, non-privileged description of their regular duties at the Receiving Party. The Designating Party shall have ten (10) business days after confirmed receipt of such notice to object in writing via email to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert or designated In-House Counsel.  A Designating Party shall not object or otherwise refuse to approve

12

an Expert or designated In-House Counsel or party representative without cause or for the purpose of delay.

      b.    A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert or designated In-House Counsel or party representative until expiration of the 10-day notice period. Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert or designated In-House Counsel or party representative, there shall be no disclosure of Protected Material to such individual pending resolution of the objection. A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. If the Parties are unable to resolve any objection, the Producing Party may file a motion with the Court within 15 days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or court order.

      c.    No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert or designated In-House Counsel or party representative until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such original written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert and/or that employs the designated In-House Counsel or party representative, and a copy shall be served on Outside Counsel of Record for the Designating Party. .

13

PROTECTIVE ORDER

d.       In any such proceeding, the Designating Party opposing disclosure to an Expert or designated In-House Counsel or party representative shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to a particular Expert or designated In-House Counsel or party representative.

## 10.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

a.       Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.       Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.       Cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be

14

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.**   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.   Promptly provide the Non-Party with a copy of this Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.   Make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

15

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced material that is subject to a claim of privilege or other protection, it shall notify the Producing Party promptly. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, either through discovery of the inadvertent production on its own or after being notified by a Receiving Party, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity.

**14.    MISCELLANEOUS**

16

13.1   <u>Right to Further Relief.</u> Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3   <u>Use of a Party's Own Protected Material.</u> Nothing in this Stipulated Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

13.4   <u>No Presumption as to Confidentiality.</u> The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary, or a trade secret. The fact that any information is disclosed, used, or produced in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

13.5   <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed only under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 15.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 5, within sixty days of a written request by the Designating Party, each Receiving Party must

return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: August 10, 2022

_____
Honorable Pedro V. Castillo
United States Magistrate Judge

PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name],

of _____ [full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California in the case of *CAO Group, Inc. v. The Procter &*

*Gamble Company et al.*, Case No. 85:22-cv-00142-JWH-PVC. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [full

name] of _____ [full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A – PROTECTIVE ORDER