Andrea Weiss Jeffries (CA Bar No. 183408)
ajeffries@jonesday.com
Jonathan McNeal Smith (CA Bar No. 292285)
jonathansmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

David M. Maiorana (*Pro Hac Vice*)
dmaiorana@jonesday.com
Kenneth S. Luchesi (*Pro Hac Vice*)
kluchesi@jonesday.com
JONES DAY
North Point, 901 Lakeside Ave.
Cleveland, OH 44114
Telephone: +1.216.586.3939
Facsimile: +1.216,579.0212

Alison E. Ibendahl (*Pro Hac Vice*)
aibendahl@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, Texas
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600

Attorneys for Defendants

THE PROCTER & GAMBLE and THE PROCTER & GAMBLE DISTRIBUTING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAO GROUP, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE PROCTER & GAMBLE COMPANY, and THE PROCTER & GAMBLE DISTRIBUTING LLC,**<br><br>**Defendants.** | **Case No. 5:22-cv-00142-JWH-PVC**<br>**Case No: 5:22-cv-01874-JWH-PVC**<br>**(Consolidated)**<br><br>**DEFENDANTS THE PROCTER & GAMBLE COMPANY AND THE PROCTER & GAMBLE DISTRIBUTING LLC'S ANSWER TO PLAINTIFF CAO GROUP, INC.'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants The Procter & Gamble Company and The Procter & Gamble Distributing LLC (collectively, "P&G") hereby file in this action the answer the Complaint in case number 5:22-cv-01874 filed by CAO Group, Inc. ("CAO" or "Plaintiff"). Case number 5:22-cv-01874 has been consolidated with this action. (Dkt. No. 60). Except as specifically admitted herein, P&G denies all allegations and averments of the Complaint and otherwise responds as follows:

**PARTIES**

1. P&G is without sufficient information to admit or deny the allegations in paragraph 1 and, on that basis, denies them.

2. In answering paragraph 2, P&G admits that The Procter & Gamble Company ("P&G Co.") is incorporated in Ohio and has its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45201. P&G denies the remaining allegations in paragraph 2.

3. P&G admits the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. In answering paragraph 4, P&G admits that the claims alleged in the Complaint purport to arise under the patent laws of the United States, Title 35 of the United States Code, but denies that any such claims have been properly alleged or are meritorious. P&G also admits that this Court has subject matter jurisdiction over the claims alleged in the Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), if such claims were properly alleged.

5. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in paragraph 5.

6. P&G denies the allegations in paragraph 6 of the Complaint.

7. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in

paragraph 7.

8. For the purposes of this litigation only, P&G admits that this Court has personal jurisdiction over P&G. P&G denies the remaining allegations in paragraph 8.

9. In answering paragraph 9, P&G admits that venue is proper in this District. P&G denies the remaining allegations in paragraph 9.

10. In answering paragraph 10, P&G admits that it has a place of business at 16110 Cosmos Street in Moreno Valley, California. The remainder of Paragraph 10 does not include any specific allegations and thus no response is required, but to the extent a response is required, P&G denies the remaining allegations in paragraph 10.

11. P&G admits the allegations in Paragraph 11 of the Complaint.

12. P&G admits that the image reproduced in paragraph 12 appears on the website whose URL is provided in paragraph 12.

13. In answering paragraph 13, P&G admits that its West Coast Mixing Center distributes products throughout California. P&G denies the remaining allegations in paragraph 13, including that it sells infringing products.

14. P&G admits the allegations in paragraph 14 of the Complaint.

15. In answering paragraph 15, P&G admits that it owns and operates the crest.com domain. P&G denies the remaining allegations in paragraph 15, including that it sells infringing products.

16. P&G admits the allegations in paragraph 16 of the Complaint.

17. P&G denies the allegations in paragraph 17 of the Complaint.

18. P&G admits the allegations in paragraph 18 of the Complaint.

19. P&G denies the allegations in paragraph 19 of the Complaint.

20. In answering paragraph 20, P&G admits that it requires certain dental offices to sign an agreement prohibiting the resale of Professional Crest Whitestrips

to persons other than patients under their care. P&G denies the remaining allegations in paragraph 20 of the Complaint.

21. In answering paragraph 21, P&G admits that it has a place of business at 24015 Iris Ave., Moreno Valley, CA. The remainder of Paragraph 21 does not include any specific allegations and thus no response is required, but to the extent a response is required, P&G denies the remaining allegations in paragraph 21.

22. P&G denies the allegations in paragraph 22 of the Complaint.

23. P&G denies the allegations in paragraph 23 of the Complaint.

## FACTUAL BACKGROUND

24. P&G is without sufficient information to admit or deny the allegations in paragraph 24 and, on that basis, denies them.

25. P&G is without sufficient information to admit or deny the allegations in paragraph 25 and, on that basis, denies them.

26. P&G is without sufficient information to admit or deny the allegations in paragraph 26 and, on that basis, denies them.

27. P&G is without sufficient information to admit or deny the allegations in paragraph 27 and, on that basis, denies them.

28. P&G is without sufficient information to admit or deny the allegations in paragraph 28 and, on that basis, denies them.

29. P&G is without sufficient information to admit or deny the allegations in paragraph 29 and, on that basis, denies them.

30. In answering paragraph 30, P&G admits that the URL leads to a website that contains the quoted language. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 30 and, on that basis, denies them.

31. P&G is without sufficient information to admit or deny the allegations in paragraph 31 and, on that basis, denies them.

32. P&G is without sufficient information to admit or deny the allegations in paragraph 32 and, on that basis, denies them.

33. P&G is without sufficient information to admit or deny the allegations in paragraph 33 and, on that basis, denies them.

## ASSERTED U.S. PATENT NO. 11,219,582

34. In answering paragraph 34, P&G admits that Plaintiff is listed as the assignee on the face of the ’582 Patent and that a copy of the ’582 Patent is attached as Exhibit C to the Complaint. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 34 and, on that basis, denies them.

35. In answering paragraph 35, P&G admits that the ’582 Patent is entitled “Peroxide Gel Compositions” and that it issued on January 11, 2022 from U.S. Patent Application No. 16/784,582, filed February 7, 2020. P&G further admits that the ’582 Patent is a continuation-in-part of an application filed on February 8, 2006. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 35 and, on that basis, denies them.

36. P&G admits that Steven D. Jensen is listed as an inventor of the ’582 Patent. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 36 and, on that basis, denies them.

37. P&G is without sufficient information to admit or deny the allegations in paragraph 37 and, on that basis, denies them.

38. In answering paragraph 38, P&G admits that the Abstract of the ’582 Patent states “[p]eroxide concentrations in these new gels can reach a 30% concentration of hydrogen peroxide while maintaining a shelf life of six months at room temperature without developing peroxide decomposition. The gels are applied to an appropriate backing and dried to a gelatinous state,” but P&G otherwise makes no admissions regarding the scope of the ’582 Patent.

39. In answering paragraph 39, P&G admits that the ’582 Patent generally

discusses purported prior art compositions. P&G otherwise makes no admissions regarding the scope of the ’582 Patent.

40. In answering paragraph 40, P&G admits that the ’582 Patent generally discusses purported prior art compositions. P&G otherwise makes no admissions regarding the scope of the ’582 Patent.

41. P&G makes no admissions regarding the scope of the ’582 Patent.

42. In answering paragraph 42, P&G admits that the quoted language appears in the ’582 Patent. P&G otherwise makes no admissions regarding the scope of the ’582 Patent.

43. In answering paragraph 43, P&G admits that the quoted language appears in the ’582 Patent. P&G otherwise makes no admissions regarding the scope of the ’582 Patent.

44. P&G makes no admissions regarding the scope or alleged “inventive subject matter” of the ’582 Patent.

45. P&G is without sufficient information to admit or deny the allegations in paragraph 45 and, on that basis, denies them.

46. P&G is without sufficient information to admit or deny the allegations in paragraph 46 and, on that basis, denies them.

47. P&G is without sufficient information to admit or deny the allegations in paragraph 47 and, on that basis, denies them.

48. P&G is without sufficient information to admit or deny the allegations in paragraph 48 and, on that basis, denies them.

## **P&G’S KNOWLEDGE OF THE CAO GROUP AND ASSERTED PATENTS**

49. P&G denies the allegations in paragraph 49 of the Complaint.

50. P&G admits the allegations in paragraph 50 of the Complaint.

51. P&G denies the allegations in paragraph 51 of the Complaint.

52. In answering paragraph 52, P&G admits that representatives of P&G

and Plaintiff held discussions in the timeframe specified in paragraph 52. P&G otherwise makes no admissions whether any technology discussed fell within the scope of Plaintiff's Asserted Patents.

53. P&G admits the allegations in paragraph 53 of the Complaint.

54. P&G admits the allegations in paragraph 54 of the Complaint.

55. In answering paragraph 55, P&G admits that a list of Plaintiff's purported intellectual property, including U.S. Patent Application 14/710,416, was sent to P&G. P&G is without sufficient information to admit or deny the remaining allegations in paragraph 55 and, on that basis, denies them.

56. P&G admits the allegations in Paragraph 56 of the Complaint.

57. P&G admits the allegations in Paragraph 57 of the Complaint.

58. In answering paragraph 58, P&G admits that a conference call was held on June 28, 2017 between the attendees listed in paragraph 58. P&G otherwise makes no admissions regarding the scope of the intellectual property and what it "covers."

59. P&G admits that the quoted language appears on Mr. Sagel's LinkedIn page.

60. P&G admits the allegations in paragraph 60 of the Complaint.

61. P&G admits the allegations in paragraph 61 of the Complaint.

62. In answering paragraph 62, P&G admits that Dr. Cao sent Paul Sagel an email on the stated date, and that the email includes the quoted language. P&G otherwise makes no admissions regarding CAO's patents, including whether any alleged "gelatinous formulation" was "new."

63. P&G admits the allegations in paragraph 63 of the Complaint.

64. In answering paragraph 64, P&G admits that a conference call was held on the date alleged. P&G makes no admissions regarding the scope of the purported intellectual property discussed.

65. In answering paragraph 65, P&G admits that a meeting was held on the date alleged. P&G makes no admissions regarding the scope of any purported intellectual property.

66. In answering paragraph 66, P&G admits that the ’259 patent and ’419 patent issued from applications having the same parent application. P&G further admits that the ’582 patent issued from an application that is a child of the application from which the ’419 patent issued. P&G otherwise makes no admissions regarding CAO’s patents, including whether the patents share substantially the same specification.

67. P&G admits the allegations in paragraph 67 of the Complaint.

68. P&G admits the allegations in paragraph 68 of the Complaint.

69. P&G admits the allegations in paragraph 69 of the Complaint.

70. P&G admits the allegations in paragraph 80 of the Complaint.

71. In answering paragraph 71, P&G admits that CAO has filed Case No. 5:22-cv-00142 in this Court alleging patent infringement. As to the remainder of Paragraph 71, P&G denies the remaining allegations in paragraph 71.

72. P&G denies the allegations in paragraph 72 of the Complaint.

73. In answering paragraph 73, P&G admits that the paragraph purports to quote portions of 37 C.F.R. § 42.202. P&G further states that the regulation speaks for itself.

74. P&G states that this is a legal conclusion not subject to admission of denial.

75. P&G states that the deadline for filing a post-grant review of a patent is a legal conclusion not subject to admission. As to the remainder of Paragraph 75, P&G denies the remaining allegations in paragraph 75.

**OVERVIEW OF P&G’S INFRINGING PRODUCTS**

76. In answering paragraph 76, P&G admits that its sells or offers for sale

the products listed in paragraph 76. P&G denies that these products infringe any valid and enforceable claim of the ’582 patent.

77. P&G admits the allegations in paragraph 77 of the Complaint.

78. P&G admits that the quoted language appears at the URL provided in paragraph 78.

79. In answering paragraph 79, P&G admits that the URL leads to a website that includes a reference to “No-Slip Grip.” P&G is without sufficient information to admit or deny the remaining allegations in paragraph 79 and, on that basis, denies them.

80. In answering paragraph 80, P&G admits that its sells or offers for sale the products listed in paragraph 80. P&G denies that these products infringe any valid and enforceable claim of the ’582 Patent.

81. In answering paragraph 81, P&G admits that its sells or offers for sale the products listed in paragraph 81. P&G denies that these products infringe any valid and enforceable claim of the ’582 Patent.

82. In answering paragraph 82, P&G admits that its sells or offers for sale the products listed in paragraph 82. P&G denies that these products infringe any valid and enforceable claim of the ’582 Patents.

83. In answering paragraph 83, P&G admits that its sells or offers for sale the products listed in paragraph 83. P&G denies that these products infringe any valid and enforceable claim of the ’582 Patents.

84. P&G denies the allegations in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint is vague and non-specific, purporting to identify sales that occurred over “at least the last several years.” P&G is therefore unable to admit or deny the allegations in paragraph 85 of the Complaint and, on that basis, denies them.

## ANSWER TO COUNT 1

## (Willful Infringement of U.S. Patent No. 11,219,582)

86. P&G incorporates by reference its responses to paragraphs 1-85 of the Complaint.

87. P&G denies the allegations in paragraph 87 of the Complaint.

88. P&G denies the allegations in paragraph 88 of the Complaint.

89. P&G denies the allegations in paragraph 89 of the Complaint.

90. P&G denies the allegations in paragraph 90 of the Complaint.

91. P&G denies the allegations in paragraph 91 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The prayer for relief does not require a response. To the extent a response is required, P&G denies that Plaintiff is entitled to any relief whatsoever. Further, P&G denies each and every material allegation in the Complaint not heretofore controverted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above, and without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff, P&G asserts the following affirmative defenses to Plaintiff's claims:

## FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

P&G does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

P&G is not inducing and has not induced infringement under 35 U.S.C. § 271(b) of any properly-construed, valid, and enforceable claim of the Asserted Patents at least because the Accused Products do not directly infringe the Asserted

Patents and because P&G does not possess the specific intent to encourage infringement of the Asserted Patents.

**SECOND AFFIRMATIVE DEFENSE**

(Invalidity)

One or more claims of the Asserted Patents is invalid for failing to comply with the conditions of patentability set forth in Title 35, United States Code § 101 et. seq., including, without limitation, §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

(Prosecution History Estoppel and Disclaimer)

By reason of the prosecution history before the USPTO leading to, concurrently with, and following the issuance of the ’582 Patent, and by reason of statements and admissions made by or on behalf of the applicants, and because of the language in the specification or limitations in the claims of the ’582 Patent, Plaintiff is estopped from claiming infringement by P&G of one or more of the claims of the ’582 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief at least because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

(Notice)

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents have failed to comply with the marking requirements of 35 U.S.C. § 287(a) or give notice to P&G, Plaintiff cannot recover any damages for P&G’s alleged infringement prior to the date this suit was filed.

**SIXTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

Plaintiff is barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, unclean hands, patent misuse, and/or estoppel, from asserting that any claim of the Asserted Patents is infringed by P&G.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by 35 U.S.C. § 286.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff has failed to take reasonable action to mitigate the loss, injury, or damages allegedly suffered, if any, and any recovery must be barred or diminished by reason thereof.

**NINTH AFFIRMATIVE DEFENSE**

(Non-Exceptional Case)

Plaintiff has not alleged any basis for, and cannot prove that, this is an exceptional case that would justify an award of attorneys' fees against P&G pursuant to 35 U.S.C. § 285.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Willfulness or Increased Damages)

P&G has not willfully infringed the Asserted Patents, and Plaintiff cannot recover increased damages pursuant to 35 U.S.C. § 284.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

**RESERVATIONS OF DEFENSES**

P&G reserves its right to rely on any additional affirmative defenses as may

become available or apparent during discovery, and thus reserves its right to amend the Answer to assert such additional defenses, or otherwise to rely on additional or other defenses during this case or at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, P&G respectfully requests that this Court enter an order:

1. That P&G does not infringe, and has not infringed, directly or indirectly, any claim of the '582 Patent, either literally or under the doctrine of equivalents;

2. That the claims of the '582 Patent are invalid;

3. That CAO's Complaint is dismissed with prejudice, with CAO taking nothing by its Complaint;

4. That CAO is not entitled to any relief with respect to its allegations against P&G;

5. That the Court find this case exceptional under 35 U.S.C. § 285 and award P&G its reasonable attorneys' fees and costs of suit; and

6. That the court award P&G such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

P&G hereby demands a trial by jury for all claims and issues so triable.

Dated: November 17, 2022

Respectfully Submitted,

*/s/ Andrea Weiss Jeffries*

Andrea Weiss Jeffries
(CA Bar No. 183408)
ajeffries@jonesday.com
Jonathan McNeal Smith
(CA Bar No. 292285)
jonathansmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
(213) 489-3939

David M. Maiorana (*Pro Hac Vice*)
dmaiorana@jonesday.com
Kenneth S. Luchesi (*Pro Hac Vice*)
kluchesi@jonesday.com
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-3939

Alison E. Ibendahl (*Pro Hac Vice*)
aibendahl@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77006
(832) 239-3939

*Attorneys for The Proctor & Gamble and The Procter & Gamble Distributing LLC*